```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
GOSFORD A. LEMBHARD,                                       :
                                                           :
                              Plaintiffs,                  :
     -against-                                             :
                                                           :   13-cv-05280 (NSR)
                                                           :   OPINION & ORDER
                                                           :
CITY OF NEWBURGH, OFFICERS ROBERT                          :
PEDRICK, ROBERT VASTA, EUGENE                              :
O'TOOLE, MICHAEL PITT, BRANDON ROLA,                       :
and HOWARD LADLEE,                                         :
                              Defendants.                  :
-----------------------------------------------------------X
```

NELSON S. ROMÁN, United States District Judge

Plaintiff Gosford A. Lembhard ("Plaintiff"), proceeding *pro se*, brings this action against the City of Newburgh ("Newburgh") and individual Police Officers Robert Pedrick, Robert Vasta, Eugene O'Toole, Michael Pitt, Brandon Rola, and Howard Ladlee, alleging excessive force during Plaintiff's arrest. Before the Court is Defendant Newburgh's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, Defendant Newburgh's motion to dismiss is GRANTED. Additionally, Plaintiff filed a motion seeking "the relief sought in the complaint." Plaintiff's motion is DENIED.

I.   Background

Plaintiff alleges in his Amended Complaint ("Amend. Compl.") that on December 5, 2012, he was arrested by the named defendant officers of Newburgh Police Department. Plaintiff claims that he was "arrested with extreme force and tasered about 20 times," including while he was handcuffed and "hogtied." Amend. Compl. p. 2. Plaintiff also alleges that he was pushed out of the police car in such a way that he landed on his head and sustained head injuries. *Id.* at 3.



Copies mailed/faxed 4/23/2014

1   Chambers of Nelson S. Román, U.S.D.J.

## II.     Legal Standard

On a motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. A claim is facially plausible when the factual content pleaded allows a court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a facially plausible claim upon which relief may be granted is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester*, No. 12–CV–6718 (CS), 2013 WL 3357171 (S.D.N.Y. July 3, 2013). The court should read *pro se* complaints "'to raise the strongest arguments that they suggest,'" *Kevilly v. New York,* 410 F. App'x 371, 374 (2d Cir. 2010) (summary order) (quoting *Brownell v. Krom,* 446 F.3d 305, 310 (2d Cir. 2006)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("even after *Twombly*, though, we remain obligated to construe a pro se complaint liberally."). "However, even pro se plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual

2

allegations sufficient to raise a right to relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). Dismissal is justified, therefore, where "the complaint lacks an allegation regarding an element necessary to obtain relief," and therefore, the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. New York Medical College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted).

### III. Discussion

Plaintiff fails to state a claim against the City of Newburgh. In order to state a claim against a municipality, a plaintiff must allege that the municipality maintained a policy, practice, or custom that caused the plaintiff's constitutional injury. *See Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). In the context of a motion to dismiss, "a plaintiff must make factual allegations that support a plausible inference that the constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policymaking authority for the municipality." *Missel v. Cnty. of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009). Plaintiff provides no factual corroboration for the existence of a custom or policy of the City of Newburgh that would support a plausible *Monell* claim. Although Plaintiff makes conclusory statements to that effect in his opposition to the motion to dismiss, such conclusions may not be taken as fact and are entirely unsupported by fact. Plaintiff's Amended Complaint claims mistreatment by certain police officers in a single incident. It does not sustain a claim as to the City of Newburgh.

Additionally, Plaintiff's motion requesting "the relief sought in the complaint against the City of Newburgh" and denial "in its entirety [the] dismissal sought by City of Newburgh pursuant to FRCP 12(b)(6)" is denied for the reasons stated above.

## IV.   Conclusion

Accordingly, Defendant Newburgh's motion to dismiss is granted. The Clerk of the Court is respectfully requested to terminate the motion, Docket No. 20, terminate the City of Newburgh from this case, and terminate Plaintiff's motion, Docket No. 28.

The remaining individual Defendants – Officers Robert Pedrick, Robert Vasta, Eugene O'Toole, Michael Pitt, Brandon Rola, and Howard Ladlee – shall have 21 days from the date of this order, or until May 14, 2014, to answer the Complaint.

Dated:   April 23, 2014
         White Plains, New York

SO ORDERED:

_____  4/23/14
NELSON S. ROMÁN
United States District Judge